IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIE SMITH and JOHN LOUIS MORNAN, pro se, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 14-00333-KD-N ) |
| HOLIDAY RETIREMENT CORP., et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The motion to dismiss (Doc. 6) filed by Harvest Management Sub Trs Corp. which, according to Harvest, is incorrectly named in the complaint as Defendant Holiday Retirement Corporation is now before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, for entry of a report and recommendation. For the reasons explained below, it is **RECOMMENDED** that the motion be **DENIED without PREJUDICE** and that Plaintiffs, now proceeding *pro se*, be given leave to file an amended complaint.[1]

### I. Procedural Background

This case was removed from the Circuit Court of Mobile County, Alabama on July 18, 2014. (*See* Doc. 1.) On July 23, 2014, then counsel for Plaintiffs, Ishmael Jaffree, filed a motion to withdraw (Doc. 2), stating, "After discussing the above case

---

[1] Consideration of Harvest's motion is without the benefit of a response from the *pro se* plaintiffs. Because the Magistrate Judge recommends that the motion be denied without prejudice, there is no prejudice to Plaintiffs from not requiring, and then considering, such a response.

with retained counsel for the Defendants, Plaintiffs' counsel has learned information which reveals an irreconcilable conflict of interest existing between the plaintiffs making it impossible for counsel to continue to represent either of the party plaintiffs. Therefore, counsel respectfully request permission to withdraw." (*Id.* at 1.) As ordered (*see* Doc. 3), Mr. Jaffree provided the Court, *ex parte* and under seal, on July 25, 2014, additional information to explain the conflict issue (Doc. 4). The same day, Harvest filed its pending motion to dismiss (Doc. 6).

After a review of Mr. Jaffree's additional information and Harvest's motion, the undersigned determined a hearing, with all interested parties, including Plaintiffs, was necessary. (*See* Doc. 12.) As ordered, Mr. Jaffree; counsel for Harvest; and both Plaintiffs personally appeared before the undersigned on August 15, 2014. (*See* Doc. 17.) During that hearing, Mr. Jaffree's motion to withdraw was granted, and the Court explained to Plaintiffs the rights and responsibilities of litigants proceeding *pro se* in federal court. Plaintiffs were then given the opportunity to explain, in their own words, the concerns that led to the filing of this matter. And, after hearing those concerns, counsel for Harvest agreed to meet with Plaintiffs following the hearing to determine if there was a possibility of settlement and voluntary dismissal of this lawsuit. Counsel for Harvest was ordered to file a status report regarding any efforts by the parties concerning settlement no later than August 22, 2014. (*See* Doc. 18.) That status report (Doc. 19) was filed as ordered. Without getting into the specifics of the report, it appears the parties were

not successful at reaching a settlement. Thus, it has become necessary to address the pending motion to dismiss.

## II. Analysis

Harvest begins its motion by noting it was filed "out of an abundance of caution" based on a "docket annotation[, entered by this Court,] requiring a responsive pleading by [Harvest] by July 25, 2014[.]" (Doc. 6, ¶ 3.) Harvest also agreed with the undersigned, at the hearing on August 15, 2014, that the motion is (basically) a placeholder. Although the undersigned finds no merit in Harvest's motion, as filed at this time, she does not fault its counsel for filing it.[2]

The motion has two bases (failure to state a claim and insufficient service/process), which the Magistrate Judge will address in turn.

As to the 12(b)(6)-basis for dismissal (*see* Doc. 6, ¶ 4), it appears to be Harvest's position that, although it is the proper party, because it is not properly

---

[2] Mr. Jaffree's motion to withdraw made worse an already procedurally difficult situation for Harvest. As Harvest notes, its initial "decision to go ahead and remove the case, despite being improperly named, is in accord with cautionary case law from this district." (*Id.*, ¶ 1 (citing *Gates v. Crescent Hotels & Resorts, LLC*, Civil Action No. 13–00149–KD–B, 2013 WL 3199823, at *4 (S.D. Ala. June 24, 2013) (in which this Court— following *Brizendine v. Continental Cas. Co.*, 773 F. Supp. 313, 321 n.9 (N.D. Ala. 1991) ("When a defendant is improperly named in a civil action filed in an Alabama state court and the case is removable and the defendant desires to remove, the proper course of action to effect the removal and to correct the improper name ***is to*** timely file Notice of Removal and a 12(b)(4) or 12(b)(5) motion, Fed. R. Civ. P., in the federal district court to which his case is being removed[,]" ***not to*** "attack[] in state court the failure of the plaintiff to correctly name the defendant and hold[] its removal effort in abeyance . . . ." (emphasis added))—found removal untimely, and granted a plaintiff's motion to remand)).) Harvest further informs the Court that, prior to removal, it notified Mr. Jaffree that the incorrect entity was named in the complaint, and obtained from Mr. Jaffree "an open ended extension to file a responsive pleading," expecting "that Plaintiffs would amend to add the correct party, Harvest." (*Id.*, ¶ 3.) While it was certainly an option for Harvest to file a motion to extend the post-removal responsive pleading deadline in this Court, once Mr. Jaffree moved to withdraw, Harvest was faced with the loss of cooperative counsel.

3

named in the complaint, the complaint is due to be dismissed. This argument seems to ignore Rule 15, Federal Rules of Civil Procedure, and its direction to courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). *See, e.g., United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947) ("Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed. . . ." (citation and internal quotation marks omitted)) (cited in, *e.g., Davis v. Montgomery Cnty. Dep't of Transp.*, Civil No. JFM–11–2637, 2012 WL 748392, at *3 n.1 (D. Md. Mar. 6, 2012)); *cf. Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958)[3] ("The trial court had no doubt that the defendant . . . was the party intended to be sued. Since the right party was before the court, although under a wrong name, the trial judge properly allowed the amendment to cure the misnomer. Like any other amendment[] under Rule 15(c) it relates back to the date of the filing of the original complaint. There is no merit therefore to the argument that the plaintiff's action was barred as to the defendant . . . .").

As to the insufficient service/process-basis for dismissal (Rules 12(b)(4) and 12(b)(5)) (*see* Doc. 6, ¶ 5), it appears that, because this case (filed in State court on May 20, 2014) has been removed to federal court, the motion is premature. *See Rice v. Alpha Sec., Inc.*, 556 Fed. App'x 257, 260 (4th Cir. Feb. 25, 2014) (per curiam). ("When a case is removed to federal court, a plaintiff may be afforded additional

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

time to complete service or to obtain issuance of new process if, prior to the case's removal, 'service of process has not been perfected prior to removal,' or 'process served proves to be defective.' Federal Rule of Civil Procedure 4(m) dictates that the plaintiff serve process within 120 days or be subject to a dismissal of her federal action without prejudice." (quoting 28 U.S.C. § 1448)); *accord Yeboah v. Bank of N.Y. Mellon*, No. 1:12–CV–02139–TWT, 2012 WL 4759246, at *3 n.3 (N.D. Ga. Aug. 30, 2012); *Loe v. Bank of Am., N.A.*, Civil No. 4:13–cv–4097, 2013 WL 6237876, at *1-2 (W.D. Ark. Dec. 3, 2013); *Tanus Cabinets Designs, Inc. v. Cent. Transp. LLC*, No. 2:14–cv–00059–GMN–VCF, 2014 WL 2863139, at *3 (D. Nev. June 24, 2014).

## III. Conclusion

It is **RECOMMENDED** that the motion to dismiss be **DENIED without PREJUDICE** as premature and that Plaintiffs be given leave to file an amended complaint naming the proper corporate defendant within **fourteen (14) days** of any order of the Court adopting the report and recommendation.[4]

The Clerk is **requested** to send a copy of this order to Plaintiffs by regular and certified mail, return receipt requested.

## IV. Notice to *Pro Se* Plaintiffs

**Plaintiffs are CAUTIONED that the progress of this case will not be delayed because they are currently without counsel, and the Court will not be inclined to grant extensions because they are without counsel.**

---

[4] Further orders and/or recommendations as to the progress of this litigation will be issued based on any response(s) to the amended complaint. The deadline for the parties to meet and confer and file their report of planning meeting (*see* Doc. 7) remains **STAYED** (*see* Doc. 18) pending further order.

**Plaintiffs are expected to comply with all deadlines, and are informed that any failure to comply with deadlines or respond to motions will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court.**

**Should the District Judge adopt this recommendation, it will be Plaintiffs' responsibility to file an amended complaint. Any failure to do so will result in either Defendants filing a renewed motion to dismiss or the Magistrate Judge recommending that this action be dismissed.**

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of August, 2014.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**