IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIE SMITH and JOHN LOUIS MORNAN, pro se, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 14-00333-KD-N ) |
| HOLIDAY RETIREMENT CORP., et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned on the Renewed Motion to Dismiss (Doc. 30) filed by Harvest Management Sub Trs Corp. (Harvest), which according to Harvest is incorrectly named in the complaint as Defendant Holiday Retirement Corp., pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, for entry of a report and recommendation. For the reasons explained below, it is **RECOMMENDED** that the Motion be **GRANTED** and that the claims against both Defendants Harvest and Clark be **DISMISSED**.[1]

### I. Procedural Background

This case was removed from the Circuit Court of Mobile County, Alabama on July 18, 2014. *See* Doc. 1. On July 23, 2014, counsel for Plaintiffs, Ishmael Jaffree, filed a motion to withdraw (Doc. 2), stating, "After discussing the above case with retained counsel for the Defendants, Plaintiffs' counsel has learned information

---

[1] Consideration of Harvest's Motion is without the benefit of a response from the *pro se* plaintiffs. Plaintiffs were ordered to respond to the Motion on or before November 12, 2014 (Doc. 31), but have failed to do so.

which reveals an irreconcilable conflict of interest existing between the plaintiffs making it impossible for counsel to continue to represent either of the party plaintiffs. Therefore, counsel respectfully request permission to withdraw." *Id.* at 1. As ordered (*see* Doc. 3), Mr. Jaffree provided the Court, *ex parte* and under seal, on July 25, 2014, additional information to explain the conflict issue. Doc. 4. The same day, Harvest filed its first motion to dismiss. Doc. 6.

After a review of Mr. Jaffree's additional information and Harvest's motion, the undersigned determined a hearing, with all interested parties, including Plaintiffs, was necessary. *See* Doc. 12. As ordered, Mr. Jaffree; counsel for Harvest; and both Plaintiffs personally appeared before the undersigned on August 15, 2014. *See* Doc. 17. During that hearing, Mr. Jaffree's motion to withdraw was granted, and the Court explained to Plaintiffs the rights and responsibilities of litigants proceeding *pro se* in federal court. Plaintiffs were then given the opportunity to explain, in their own words, the concerns that led to the filing of this matter. After hearing those concerns, counsel for Harvest agreed to meet with Plaintiffs following the hearing to determine if there was a possibility of settlement and voluntary dismissal of this lawsuit, but these efforts were unsuccessful. Doc. 19.

Defendant Harvest's first Motion to Dismiss was dismissed without prejudice in order to give Plaintiffs additional time to perfect service and file an amended complaint which would properly name Defendant Harvest. Doc. 20 at 5. In recommending dismissal of the Motion to Dismiss, Plaintiffs were cautioned that "any failure to comply with deadlines or respond to motions will result in a

2

recommendation that this action be dismissed for failure to prosecute and obey orders of the Court." *Id.* at 6.

Plaintiffs have failed to file an amended complaint, which was due to the Court by October 10, 2014. Doc. 26. Additionally, on September 19, 2014, Plaintiff Marie Smith submitted a letter to the court wherein she stated: "I wish to dismiss my complaint against Holiday Retirement Corp." (Doc. 25). Because the request was unclear and was purported to be only from Smith and not her co-plaintiff, the District Judge issued an order directing plaintiff Smith to clarify by October 3, 2014, or, in the alternative, file an amended complaint along with her co-plaintiff. Doc. 25, 26. Smith did neither, nor did she respond to the Court's order in any way. On October 17, 2014, Defendant Harvest filed the instant Renewed Motion to Dismiss, citing the Plaintiffs' failure to abide by court orders and failure to prosecute, pursuant to FED. R. CIV. P. 41(b). Doc. 30 at 3. A response order was entered and Plaintiffs were directed to reply to the Defendant's Renewed Motion to Dismiss on or before November 12, 2014 (Doc. 31). Plaintiffs have failed to respond in any manner.

Additionally, the Court reviews the docket as to the service of Defendant Clark. Service was attempted on Mr. Clark while this matter was still in Mobile County Circuit Court, but failed due to Mr. Clark having been transferred to an employment position in Columbus, Georgia. Doc. 1-2 at 39-40. It does not appear that any attempts at service have been made since then.

## II.    Analysis

Harvest details in its Renewed Motion the non-compliance of the Plaintiffs in regard to filing an amended complaint or otherwise complying with the Court's orders. Doc. 30 at 2. Harvest then notes correctly that FED. R. CIV. P. 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Id.* at 3 (quoting *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999)).

Dismissal under FED. R. CIV. P. 41(b) for failure to prosecute or failure to comply with a court order is appropriate where there is a "clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (quoting *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).[2] Such dismissal is warranted "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of court's time.' " *Hudson v. Cardwell Corp.*, 2006 WL 2135791, at *2 (S.D. Ala. July 27, 2006) (quoting *Chamarro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002)). Plaintiffs in this case have repeatedly failed to abide by this Court's orders, including failing to amend the complaint and clarify motions as requested. Additionally, Plaintiffs have not heeded the warnings given them when they were given leave to file an amended complaint. Given the

---

[2] All decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding on the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

numerous chances that have been granted to the Plaintiffs, lesser sanctions would not suffice in this case. Since all the requirements of *Jones* are met, Defendant Harvests' Renewed Motion to dismiss is due to be **GRANTED**.

Defendant Jim Clark is being sued personally and in his capacity as an agent of Defendant Harvest. Doc. 1-2 at 7-8. Service has never been perfected against Mr. Clark in this case. The Renewed Motion to Dismiss is made only by Defendant Harvest. Doc. 30 at 1. However, there is no reason to believe that Plaintiffs will make any effort to prosecute this action against Defendant Clark, especially given their failure to abide by court orders and failure to serve Mr. Clark as required by FED. R. CIV. P. 4. Accordingly, the action is also due to be **DISMISSED** as to Defendant Clark pursuant to FED. R. CIV. P. 41(b) and the preceding analysis.

### III. Conclusion

Based on the foregoing it is **RECOMMENDED** that the Defendant Harvest's Renewed Motion to Dismiss be **GRANTED** and that the claims against Defendants Harvest and Clark be **DISMISSED** due to the Plaintiffs' failure to prosecute and to obey the Court's orders.

The Clerk is **requested** to send a copy of this order to Plaintiffs by regular and certified mail, return receipt requested.

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this

document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of November 2014.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**